UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5353 GAF (JEMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Nicholas Jarecki v. Michael Ohoven et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

### ORDER RE: DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

### I. INTRODUCTION AND BACKGROUND

Plaintiff Nicholas Jarecki ("Plaintiff" or "Jarecki") filed this suit for a declaratory judgment against Michael Ohoven and Infinity Media, Inc. (collectively, "Defendants") in the Southern District of New York on March 22, 2011. (Docket No. 1). On June 16, 2011, that court concluded that it lacked personal jurisdiction over Defendants and accordingly transferred venue to this Court. (Docket No. 40.) On July 25, 2011, a little over a month after the case was transferred and approximately two weeks after Defendants filed their Answer, Plaintiff filed a motion for summary judgment. (Docket No. 61.) Then, on August 1, 2011, Defendants filed the present motion for judgment on the pleadings on the ground that this case does not present a case or controversy and that the Court accordingly lacks subject matter jurisdiction. (Docket No. 72.)

Plaintiff alleges that he solely authored a screenplay ("the Screenplay") for a film ("the Film") that was set to begin principal photography in April 2011. (Docket No. 1, Compl. ¶¶ 8–9.) Accordingly, Plaintiff contends, he owns all right, title, and interest in and to the Screenplay and any derivative works, including the Film. (Id. ¶ 9.) The complaint alleges that Plaintiff had communicated with Ohoven, the President of Infinity Media, Inc. ("Infinity"), and Infinity's independent consultant, Kevin Turen ("Turen"), regarding the financing, development, and production of the Film. (Id. ¶ 10.) According to the complaint, Ohoven and Turen "provided some assistance with the development of the Film, and the parties discussed Defendants' potential role as a financier and producer of the Film." (Id.) However, the parties never reached an agreement as to the financing or production of the Film, nor did they ever enter into any written agreements transferring any copyright rights in the Screenplay or the Film. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5353 GAF (JEMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Nicholas Jarecki v. Michael Ohoven et al | | |

In late 2010, Plaintiff told Defendants that he would be financing and producing the Film without their involvement.  (Id. ¶ 11.)

Then, on March 3, 2011, counsel for Defendants sent Plaintiff's counsel a letter contending that Defendants have the exclusive right to produce and distribute the Film and that they are the co-author and co-owner of the Screenplay by virtue of contributions that Turen purportedly made to the Screenplay on Infinity's behalf.  (Id. ¶ 12.)  The letter demanded that Jarecki immediately cease and desist from developing and producing the Film and indicated that failing to do so would "force Infinity to seek immediate, emergency injunctive and equitable relief in connection with this matter."  (Docket No. 64-1, Declaration of Nicholas Jarecki ("Jarecki Decl."), Ex. B at 3.)  The letter indicated that if Jarecki did not confirm within five business days that he would honor his obligations to Infinity, Infinity would "pursue all available legal and equitable claims against Jarecki" and related entities.  (Id.)  Plaintiff understands Defendants to contend that Turen's contributions rendered the Screenplay a "joint work" under copyright law and that Turen's contributions were made on a work-for-hire basis for Infinity, such that Turen's co-authorship rights inure to the benefit of Infinity.  (Compl. ¶ 12.)

Less than three weeks after receiving this letter, Plaintiff filed this suit seeking a declaratory judgment (1) that Defendants hold no copyright interests in the Screenplay or in the Film, and (2) that, as between Plaintiff and Defendants, the Screenplay is not a joint work and Plaintiff is the sole author of the work.  (Id. ¶ 25.)  Defendants now move for judgment on the pleadings on the ground that this Court lacks subject matter jurisdiction because the case does not present an actual case or controversy.  (Docket No. 72.)

## II.  DISCUSSION

### A.  LEGAL STANDARD FOR A MOTION FOR JUDGMENT ON THE PLEADINGS

A Rule 12(c) motion for judgment on the pleadings challenges the sufficiency of the complaint after an answer has been filed.  See Fed. R. Civ. P. 12(c).  "'If a party raises an issue as to the court's subject matter jurisdiction on a motion for a judgment on the pleadings, the district judge will treat the motion as if it had been brought under Rule 12(b)(1).'"  San Luis Food Producers v. United States, 772 F. Supp. 2d 1210, 1218 (E.D. Cal. Feb. 16, 2011) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004)).

Under Rule 12(b)(1), lack of subject matter jurisdiction is grounds for dismissal.  Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction.  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5353 GAF (JEMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Nicholas Jarecki v. Michael Ohoven et al | | |

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, a court without jurisdiction over certain claims has no choice but to dismiss them regardless of their gravity or potential validity. Federal courts must determine issues of subject matter jurisdiction before even considering the merits of a case. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

**B. APPLICATION**

As an initial matter, Plaintiff contends that the Court must deny Defendants' motion for judgment on the pleadings because the district judge in the Southern District of New York already considered Defendants' arguments and decided that this case presents a live case or controversy, and that that decision is now law of the case. (Docket No. 61, Plaintiff's Mem. in Support of Mot. for Summary Judgment ("Plaintiff's Mem.") at 21; Docket No. 74, Plaintiff's Reply in Support of Mot. for Summary Judgment ("Plaintiff's Reply") at 7.) This contention is incorrect on the facts and the law. First, the district judge in the Southern District of New York never ruled on Defendants' motion to dismiss for lack of subject matter jurisdiction and instead transferred the case to this Court for lack of personal jurisdiction. (See Docket Nos. 40, 41.) Plaintiff suggests that the Southern District of New York necessarily must have first concluded that it had subject matter jurisdiction before it could have transferred the case for lack of personal jurisdiction. (Plaintiff's Reply at 7.) This is incorrect, as "there is no mandatory 'sequencing of jurisdictional issues,'" and a court "may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999)). A court may similarly order a case transferred before determining its own subject matter jurisdiction. In re LimitNone, LLC, 551 F.3d 572, 576 (7th Cir. 2008).

Second, even if the Southern District of New York had decided that it had subject matter jurisdiction in this case, that determination would not bind this Court. "[E]ven at its most rigorous[,] the [law of the case] doctrine does not require a district judge to follow an erroneous legal ruling of another trial judge. To hold otherwise would require district courts to adhere to legal errors and, thus, cause the parties to waste time engaging in unnecessary trials and [the appeals court] to waste time hearing unnecessary appeals." Pareto v. F.D.I.C., 139 F.3d 696, 699 n.1 (9th Cir. 1998) (citation omitted). The Court therefore must consider Defendants' motion on the merits.

Under Article III of the Constitution, "courts may adjudicate only actual cases or controversies." Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1157 (9th Cir. 2007) (citing U.S. Const. art. III, § 2, cl. 1). "When presented with a claim for a declaratory judgment, therefore,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5353 GAF (JEMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Nicholas Jarecki v. Michael Ohoven et al | | |

federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion." Id.  To establish that a case or controversy exists in a declaratory judgment action, a plaintiff must "show that, under all the circumstances of the case, there is a substantial controversy between parties having adverse legal interests, and the controversy is of sufficient immediacy and reality to warrant declaratory relief." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 (9th Cir. 1990).  The parties' "disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." Public Serv. Comm'n of Utah v. Wycoff Co., Inc., 344 U.S. 237, 244 (1952).  Defendants contend that no sufficiently concrete dispute is present in this case.

"If the defendant's actions cause the plaintiff to have a 'real and reasonable apprehension that he will be subject to liability,' the plaintiff has presented a justiciable case or controversy." Spokane Indian Tribe v. United States, 972 F.2d 1090, 1092 (9th Cir. 1992) (quoting Hal Roach Studios, 896 F.2d at 1555).  In declaratory judgment suits regarding patent or copyright infringement, a "plaintiff must show both (1) an explicit threat or other action by the patentee [or copyright holder], which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." K-Lath, Div. of Tree Island Wire (USA), Inc. v. Davis Wire Corp., 15 F. Supp. 2d 952, 958 (C.D. Cal. 1998); see also Hal Roach Studios, 896 F.2d at 1556 (explaining that the same principles apply to declaratory relief actions regarding copyright infringement as apply to declaratory judgment actions regarding patent infringement).  The Court agrees that this framework roughly applies to the claims here, where plaintiff seeks a declaratory judgment that he is the sole owner of the copyright in the Screenplay and the Film.  Thus, here, Plaintiff must show (1) "an explicit threat or other action by" Defendants, "which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face" a suit in which Defendants assert their purported ownership rights in the copyright, and (2) "present activity which could constitute infringement [on Defendants' ownership rights] or concrete steps taken with the intent to conduct such activity." See K-Lath, 15 F. Supp. 2d at 958.

Here, Plaintiff has shown that Defendants have made an explicit threat that has created a reasonable apprehension that Plaintiff will face suit regarding the rights to the Screenplay and the Film.  In a letter to Plaintiff's counsel dated March 3, 2011, Defendants' attorney announced their position that "Infinity has an ownership interest in . . . the underlying property rights in and to the Picture, including, without limitation, an ownership interest in the screenplay." (Jarecki Decl., Ex. B at 2.)  That letter demanded "that Jarecki immediately cease and desist from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5353 GAF (JEMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Nicholas Jarecki v. Michael Ohoven et al | | |

development and/or production of the Picture" and indicated that failure to do so "will only increase the amount of damages already suffered by Infinity and Mr. Ohoven in connection with this matter" and "will also force Infinity to seek immediate, emergency injunctive and equitable relief in connection with this matter." (Id. at 3.) The letter specifically advised that if Jarecki did not confirm within five business days that he would "honor his obligations to Infinity in connection with this matter, . . . we will have no choice but to pursue all available legal and equitable claims against Jarecki, the production company, and any appropriate related or affiliated third parties involved with the Picture." (Id.) The letter could hardly more clearly threaten suit.[1]

     Defendants contend that the letter does not suffice to create a real and reasonable apprehension of suit because "Defendants have taken no affirmative steps . . . to file a copyright claim or interfere in any way with Plaintiff's finance, production, post-production or presales of the Film." (Mem. at 7.) This argument misses the mark. Defendants do not need to actually file suit—or take "affirmative steps . . . to file . . . suit"—to create a reasonable apprehension of suit. A letter explicitly threatening suit certainly creates a reasonable apprehension. Defendants appear to have misapprehended the second prong of the K-Lath test for jurisdiction, which looks to whether there is any "present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity," K-Lath, 15 F. Supp. 2d at 958. (See Reply at 7.) This prong inquires into whether the declaratory judgment plaintiff has taken any concrete steps to engage in activity that the defendant would contend infringed on its intellectual property rights, not whether the declaratory judgment defendant has taken concrete steps toward suing. Here, it is undisputed that Plaintiff has continued to produce and market the Film, actions which Defendants have contended infringe on their ownership rights.

     Defendants also contend that this case does not present a live case or controversy because they have not acted on the threat allegedly contained in the March 3 letter. (Reply at 4.) In fact, they contend, they have filed a separate suit against Plaintiff that does not assert any claims to ownership of the Screenplay. (Reply at 5.) Moreover, they argue, the fact that Plaintiff has been able to complete production and file a copyright application without interference from Defendants conclusively establishes that Defendants do not intend to assert claims to ownership of the copyright in the Screenplay. (Id.) These arguments miss the mark. Defendants cannot avoid a declaratory judgment action by quieting their threats as soon as Plaintiff brings the

---

[1] Defendants contend that Plaintiff has "contort[ed]" the language of the letter. (Mem. at 8.) The Court has reviewed the letter in its entirety and fails to see how the letter could reasonably be read as not threatening suit. Defendants have not explained how the letter could be so read, and the Court finds Defendants' argument to that effect to lack merit.

LINK: 72

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5353 GAF (JEMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Nicholas Jarecki v. Michael Ohoven et al | | |

claims for declaratory judgment. "The purpose of the Declaratory Judgment Act is 'to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never.'" Hal Roach Studios, 896 F.2d at 1555 (quoting Societe de Conditionnement v. Hunter Eng'g Co., 655 F.2d 938, 943 (9th Cir. 1981)). Allowing declaratory judgment actions to go forward only if a defendant persisted in its threats after the declaratory judgment suit was filed would undermine this purpose, as it would not allow plaintiffs to use declaratory judgment actions to escape defendants' "Damoclean threat[s]."

Finally, Defendants attempt to liken the case here to the situation in K-Lath, where the court concluded that letters from a defendant did not give rise to a reasonable apprehension of suit. See K-Lath, 15 F. Supp. 2d at 962. There, however, the plaintiff had initiated contact and the defendants' letters indicated only that the defendant believed the plaintiff was infringing its patent and that the defendant did not waive any rights to enforce its patent. Id. at 960–61. The defendant in that case had never affirmatively threatened to sue. Id. at 960–62. By contrast, here, Infinity has expressly threatened to "pursue all available legal and equitable claims" and to "seek immediate, emergency injunctive and equitable relief." (Jarecki Decl., Ex. B at 3.) This explicit threat to sue gives rise to a reasonable apprehension of suit.

For these reasons, the Court concludes that this case presents an actual case or controversy over which the Court has subject matter jurisdiction. Defendants' motion for judgment on the pleadings is accordingly **DENIED**.

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that it has subject matter jurisdiction in this case, and Defendants' motion for judgment on the pleadings is accordingly **DENIED**. The hearing on this motion currently scheduled for August 29, 2011, is hereby **VACATED**.

**IT IS SO ORDERED.**